UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20535-BLOOM/Elfenbein

SUSANNE HELEN LIVELY SOLANO,

    Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES
and/or CARNIVAL BOAT "DREAM,"

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [25] ("Motion"). Plaintiff Susanne Helen Lively Solano filed a Response in Opposition ("Response"), ECF No. [33], to which Carnival filed a Reply, ECF No. [34]. The Court has reviewed the Amended Complaint, the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Carnival's Motion is granted.

    **I.**    **BACKGROUND**

Plaintiff filed her Amended Complaint against Carnival under maritime law, asserting a claim for Negligent Maintenance (Count I) and Negligent Failure to Warn (Count II). *See* ECF No. [19] at 4-5. The Amended Complaint alleges that Carnival is a cruise line company that "owned, operated, managed, maintained, and [ ] controlled the cruise vessel *Dream*[,]" the cruise ship Plaintiff was aboard when she suffered her injuries. *Id.* at ¶ 11. "[O]n or about February 11, 2024," Plaintiff "was walking on the Lido Deck (deck 10)" where she proceeded from the outdoor

pool area" to the "Gathering Lido Restaurant/Buffet." *Id.* at ¶¶ 14, 15. As she was walking, Plaintiff "approached the Swirls' ice cream machine located on the Lido Deck [where] she encountered a slippery tile floor, which caused her [to] suddenly and unexpectedly fall. *Id.* at ¶ 16. According to Plaintiff, "[a]t the time of, and immediately prior to, the aforementioned slip and fall, there were [Carnival] crewmembers in the immediate area who observed, or should have observed, and should have warned the plaintiff about the hazard, which was not open and obvious." *Id.* at ¶ 17.

Plaintiff contends her injuries were a result of Carnival's negligence as it (1) failed "to exercise reasonable care in maintaining the tile floors located on the Lido Deck; (2) failed "to adequately conduct inspections to ensure that a dangerous, hazardous and/or unsafe condition did not exist;" (3) failed "to properly inspect;" and (4) failed to provide "a reasonable and safe walking environment within the Lido Deck which was free of impediments to its safe use." *Id.* at ¶ 21. Plaintiff maintains that Carnival owed these duties to her because it "had actual knowledge of the dangerous condition" or because the "dangerous condition existed for such a length of time" Carnival should have known of the condition, or because "the condition occurred with regularity and was therefore foreseeable." *Id.* at ¶ 22.

Carnival now seeks dismissal of the Amended Complaint, contending that Plaintiff has failed to adequately allege either a negligent maintenance claim or negligent failure to warn claim because Plaintiff's allegations lack sufficient factual details to plausibly demonstrate Carnival had actual or constructive notice of the risk-creating condition prior to the incident. *See* ECF No. [25] at 1, 4.

Plaintiff responds that she has properly asserted a claim of negligent maintenance and negligent failure to warn, as she adequately alleged Carnival was on notice of the dangerous condition. *See* ECF No. [33] at 3. Plaintiff maintains that by identifying "a specific location on the

vessel under Defendant's control (i.e., the lido deck) and describ[ing] the circumstances leading to the incident," she has provided sufficient factual details to establish "constructive notice." *Id.*

## II. LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

## B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). When proceeding under a theory of direct liability, as is the case here, the duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d

1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720.

### III.  DISCUSSION

**A.  Counts I and II: Negligent Maintenance and Negligent Failure to Warn—Notice**

Carnival contends that Count I and Count II should be dismissed because Plaintiff fails to adequately allege that Carnival had actual or constructive notice of the allegedly dangerous condition, i.e., the wet deck floor, ultimately causing Plaintiff to slip and fall. ECF No. [25]. According to Carnival, "Plaintiff's Amended Complaint states only that Defendant 'had actual knowledge' and the 'dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant . . . should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.'" *Id.* at 4. (quoting ECF No. [19] at ¶¶ 22, 28). Carnival maintains those allegations are insufficient as there are no facts explaining "how Defendant had actual notice and no facts [ ] as to the length of time the condition existed[.]" *Id.* Since there are also no allegations regarding the regularity in which the condition occurred, Carnival contends the Amended Complaint must be dismissed for failure to allege notice.

Plaintiff responds that she has sufficiently pled notice for both claims. ECF No. [33]. Plaintiff points to paragraph 17 of the Amended Complaint, which states that "[a]t the time of, and immediately prior to, the aforementioned slip and fall, there were crewmembers in the immediate area who observed, or should have observed, and should have warned the plaintiff about the hazard, which was not open and obvious." ECF No. [19] at ¶ 17. Plaintiff maintains that since she alleged "that crewmembers were present in the area who could have observed the condition," there is sufficient detail to establish either actual or constructive notice. ECF No. [33] at 2. Moreover, Plaintiff contends that by including the precise location of the incident, the Amended Complaint

5

provides enough factual details to establish plausible claims of negligent maintenance and negligent failure to warn. *See id.* at 3.

Before a cruise ship operator assumes a duty to warn or otherwise protect a passenger from danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322); *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) ("[P]assenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition."). Therefore, without adequately pleading notice, Plaintiff's claims fail.

Here, Plaintiff alleges that at the time, and just prior to the incident, "there were crewmembers in the immediate area" of the ice cream machine who did or should have observed the slippery substance on the floor. ECF No. [19] at ¶ 17. Plaintiff offers no other factual details explaining where exactly the employees were, what their job responsibilities were, or how long the employees or the hazardous condition were present prior to Plaintiff suffering her injuries.[1] Based on these barebones allegations, the Court finds that Plaintiff has failed to adequately plead sufficient facts to establish actual or constructive notice for either of her claims.

---

[1] The only other allegations concerning notice are conclusory legal assertions that "the dangerous condition existed for such a length of time that, in the exercise of ordinary care, [Carnival] should have known about the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable." ECF No. [19] at ¶¶ 22, 28; *see Foley v. Carnival Corp.*, No. 23-cv-23025, 2024 WL 361189, at *5 (S.D. Fla. Jan. 31, 2024) ("Plaintiff's statements that [a] defendant had notice of the dangerous condition because of the 'length of time' it existed and because of the 'high traffic nature of the Lido Deck,' with nothing more, are insufficient to allege notice." (quoting *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1110 (S.D. Fla. 2023)). Plaintiff appears to concede that the allegations in paragraph 22 and paragraph 28 are insufficient to establish notice, as Plaintiff fails to address those allegations in her Response. *See generally* ECF No. [33]. Because Plaintiff contends that the adequacy of her claims hinge on paragraph 17 and the factual details describing the precise location of the incident, the Court focuses its analysis on those allegations.

### a. Actual Notice

To establish actual notice, the plaintiff must demonstrate that the "defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250-51 (S.D. Fla. 2016); *Scullion v. Carnival Corp.*, 736 F. Supp. 3d 1170, 1176 (S.D. Fla. 2024) ("To plead actual notice, the defendant must know of the dangerous condition.") (citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022)). Plaintiff's basis for actual notice is that Carnival employees were in the immediate vicinity of the dangerous condition just prior to when Plaintiff fell. However, Plaintiff offers no facts suggesting that the employees were informed of the dangerous condition, that the employees took action indicating they were aware of the dangerous condition, or that the employees were tasked with monitoring or maintaining "Swirls' ice cream machines." Indeed, Plaintiff fails to articulate when the employees acquired actual notice of the dangerous condition and merely asserting that employees were nearby is insufficient to establish that Carnival was aware of the dangerous condition such that Carnival should have corrected the condition or warned Plaintiff of the danger. *See Watson v. Carnival Corp.*, 2024 WL 4137299, at *10 (S.D. Fla. Aug. 21, 2024) ("[I]f the allegations of actual notice 'are indeed more conclusory than factual, then the court does not have to assume their truth.'") (citation omitted); *See Newbauer v. Carnival Corp.*, 26 F. 4th 931, 935-36 (11th Cir. 2022) (explaining that the plaintiff's allegations of notice were deficient where the plaintiff "failed to allege any facts suggesting the amount of time the hazard existed on the deck before she fell or that there were crewmembers monitoring the area."); *Christian v. Carnival Corp.*, Case No.: 1:24-cv-21436, 2024 WL 4350875, at *4 (S.D. Fla. Aug. 22, 2024) (finding actual notice allegations insufficient where plaintiff failed to provide facts about how long the condition existed or when and how often employees monitored or maintained the area).

7

### b. Constructive Notice

There are only two means of establishing constructive notice. "A plaintiff 'can establish constructive notice with evidence that the defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident." While "[a] slip-and-fall plaintiff may prove constructive knowledge through circumstantial evidence," the plaintiff's allegations must still be sufficiently specific to allow the court to make a reasonable inference that the claims are plausible. *Hostert v. Carnival Corp.*, Case No. 21-cv-23701, 2024 WL 68292, at *7 (S.D. Fla. Jan. 5, 2025).

Plaintiff fails to provide sufficient facts to support a reasonable inference of constructive notice. Although courts in this district have found that claims alleging that an employee was in the immediate vicinity of the visibly dangerous condition could establish constructive notice, Plaintiff fails to provide facts that support the conclusion that Carnival employees were indeed in the immediate vicinity of the incident. As the Court explained in *Benson v. Carnival Corp.*, "simply alleging that employees were in the [ ] 'immediate vicinity' is tantamount to a legal conclusion inserted to purportedly satisfy the Eleventh Circuit's standard in *Holland*[.]" No. 23-23408-CIV, 2024 WL 964235, at *3 (S.D. Fla. Mar. 6, 2024); *cf. Newbauer v. Carnival Corp.*, 26 F.4th 931, 936 (11th Cir. 2022) (finding the plaintiff's constructive notice argument deficient because the "complaint did not allege any facts *supporting the conclusions* that . . . there may have been employees in the area who observed the hazard and failed to take corrective action.") (emphasis added). More than a barebones allegation that Carnival employees were nearby at the time of the incident is required and Plaintiff must provide the requisite factual detail for the Court to infer that

8

legal conclusion itself.[2] Without descriptions about where the employees were located or any other pertinent factual details, the Court cannot reasonably plausibly infer that any Carnival employees were in the immediate vicinity of the allegedly dangerous condition for a sufficient period of time so as to give Carnival constructive notice. As Plaintiff offers no other allegations that would suggest that Carnival should have known of the dangerous condition, such as the nature of the substance,[3] or substantially similar prior incidents,[4] Plaintiff's Amended Complaint fails to allege constructive notice for either of her claims.

Accordingly, since Plaintiff has failed to provide sufficient facts to support actual or constructive notice for her negligent maintenance and negligent failure to warn claims, Plaintiff has failed to adequately state a claim upon which relief may be granted, and the Amended Complaint must be dismissed accordingly.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Carnival's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [25]**, is **GRANTED.**

---

[2] Describing the Carnival employees' location as being in the "immediate vicinity" of the dangerous condition is both too vague and conclusory to satisfy the *Iqbal* and *Twombly* standard. In *Holland*, the Eleventh Circuit concluded that crewmembers working in shops surrounding the staircase where the plaintiff fell were not sufficiently close to the incident to have observed or warned the plaintiff of the hazard as they were not in the "immediate area." 50 F.4th at 1096. Thus, the Eleventh Circuit made clear that the employees' precise location matters for the purposes of determining constructive notice. Plaintiff cannot avoid her burden by simply alleging crewmembers were in the immediate vicinity; she must allege facts and details that would allow the Court to make such an inference.

[3] Plaintiff does not describe the condition of the floor in such a way that would suggest it existed for a sufficient period of time such that Carnival should have been aware of its hazardous nature. *See Holland*, 50 F.4th at 1096. Plaintiff merely describes the condition as a "slippery tile floor." ECF No. [19] at ¶ 16.

[4] Plaintiff offers no substantially similar prior incidents in the Amended Complaint that would have put Carnival on notice prior to her fall.

Case No. 25-cv-20535-BLOOM/Elfenbein

2. Plaintiff's First Amended Complaint, **ECF No. [19]**, is **DISMISSED without prejudice.**

3. If Plaintiff seeks to file an Amended Complaint, she shall do so no later than **May 5, 2025.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 21, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record